# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

SARAH POBIECKE,

    Plaintiffs,

v.

WASHINGTON COUNTY and ABC INSURANCE COMPANY,

    Defendants

Case No.:

Jury Trial Demanded

## COMPLAINT

NOW COMES Plaintiff Sarah Pobiecke, by her attorneys, Cade Law Group, LLC, and as for her Complaint against Defendants Washington County Parks and ABC Insurance Company (collectively "Defendants", unless otherwise noted) alleges and shows to the Court as follows:

## INTRODUCTION

1. This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA") to correct unlawful employment practices on the basis of age undertaken by Defendant Washington County, and to provide appropriate relief to Plaintiff Sarah Pobiecke on this basis.

2. This is also an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex undertaken by Defendant Washington County, and to provide appropriate relief to Plaintiff Sarah Pobiecke on this basis.

3. Both ADEA and Title VII, as amended, also bar retaliation against employees who seek to correct unlawful employment practices on the basis of age and sex undertaken by Defendant Washington County. This action seeks to provide appropriate relief to Plaintiff Sarah Pobiecke on this basis.

4. As alleged with greater particularity below, Defendant Washington County engaged in unlawful employment discrimination and retaliation against Plaintiff Sarah Pobiecke on the basis of her age and sex, and/or retaliated against her under ADEA and Title VII.

5. Additionally, as alleged with greater particularity below, Defendant Washington County wrongfully terminated Plaintiff Sarah Pobiecke's employment as a result of her efforts to further the State of Wisconsin's fundamental and well-defined public policy of preserving public lands and protecting them from being exploited commercially, in crass violation of this public policy.

**JURISDICTION**

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. and Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

7. Plaintiff Sarah Pobiecke has complied with all jurisdictional prerequisites and conditions precedent to action under the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination

with the EEOC on June 4, 2020 and an amended charge on or about September 18, 2020. *See* **Exhibits A and B**.

8. Plaintiff Sarah Pobiecke received a notice of right to sue on November 3, 2020. *See* **Exhibit C.**

9. This Court has supplemental jurisdiction over any other claims Plaintiff could make, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

10. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiff worked for Defendant in West Bend, Wisconsin, which is in the Eastern District of Wisconsin, and all claims arose in this District.

## PARTIES

11. Plaintiff Sarah Pobiecke is an adult female citizen of the State of Wisconsin and resides in Milwaukee County, Wisconsin, which is in the Eastern Distroct of Wisconsin . Plaintiff Sarah Pobiecke is a former employee of Defendant Washington County, and was forty (40) years old during her tenure with Washington County.

12. Defendant Washington County is an an administrative and political subdivision of the State of Wisconsin that consists of the geographic region bound by Ozaukee County in the East, Dodge County in the West, Fond du Lac and Sheboygan Counties in the North, and Milwaukee and Waukesha Counties in the South. Its county seat is in West Bend, Wisconsin. One of its departments and/or administrative divisions is the Parks Department.

13. Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that had in place a policy or

policies which insured, totally or partially, Defendant Washington County for any or all liability for their actions against Plaintiff.

**FACTS**

14. Plaintiff Sarah Pobiecke was employed by the County part-time as a Parks and Planning Analyst at Washington County's Parks Department and was hired on August 5, 2019.

15. At all material times, Plaintiff Sarah Pobiecke performed her work duties in accordance with Washington County's reasonable expectations of performance, quality, and conduct. There was never a negative remark on Ms. Pobiecke's work history.

16. One month prior to Plaintiff Sarah Pobiecke's termination from her job with Washington County, Debora Sielski, her supervisor at the County's Parks Department. hired a recent graduate intern who was a younger (early 20's) and less-qualified male. This individual received opportunities that were never even considered for Ms. Pobiecke, including being groomed for a full-time position as Ms. Pobiecke's replacement, even though he was younger and less experienced than Ms. Pobiecke. In contrast, Plaintiff Sarah Pobiecke was a part-time employee and was never offered a full-time position.

17. From the moment Ms. Sielski interviewed this younger and less-qualified male employee, she began micro-managing Plaintiff Sarah Pobiecke and looking for even minor things that she did wrong, and applying policies against Ms. Pobiecke that were not applied to male and/or younger employees.

18. Conversely, the younger and less-qualified male employee was given projects to which Plaintiff Sarah Pobiecke had been originally assigned, and Ms. Pobiecke's supervisor openly said that she hoped this younger and less-qualified male

employee would eventually be her (Ms. Sielski's) successor.

19. At a public meeting at Washington County about the County's parks in November 2019, which was partially an open and partially a closed meeting pursuant to Wisconsin law, there was discussion about a potential bike trail in Washington County. However, there was no discussion at this meeting that the bike trail would be constructed through protected lands, which Plaintiff Sarah Pobiecke knew to be the case.

20. After the public meeting, Plaintiff Sarah Pobiecke contacted an Advisor who is on the Washington County Parks Advisory committee with Washington County, Cindy Leinss – on her own time – to discuss the fact that the proposed bike trail would be constructed through protected lands. Ms. Pobiecke showed Ms. Leinss that the bike trail discussed at the public meeting would, in fact, be constructed through protected lands. This information was easily available to the public on the Washington County website. Ms. Pobiecke did not mention anything discussed during the closed meeting to Ms. Leinss.

21. Subsequently, on November 26, 2019, Plaintiff Sarah Pobiecke was called in for a meeting with Washington County's Human Resources Department. At this meeting, Ms. Pobiecke was interrogated about her phone call with Ms. Leinss by Erin Jalinski, Washington County's Human Resources Manager, and was told that the plans for the bike trail going through protected lands were confidential, even though this information was published on the Washington County website.

22. After Plaintiff Sarah Pobiecke's meeting with Washington County's Human Resources Department, Ms. Pobiecke's employment was terminated on December 2, 2019, retroactive to November 26, 2019. The reason Ms. Pobiecke was given for her

5

termination was a supposed violation of the code of ethics and Ms. Pobiecke supposedly working in contradiction to the goals of Washington County. This stated reason was new to Ms. Pobiecke and different from what she had been told on November 26, 2019.

23. After being informed of her termination, Plaintiff Sarah Pobiecke complained, in writing, to Washington County that her termination was unlawful. This complaint was ignored.

## COUNT I – AGE DISCRIMINATION

24. Plaintiff Sarah Pobiecke realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

25. Defendant Washington County unlawfully discriminated against Plaintiff Sarah Pobiecke on the basis of her age when it made decisions about Plaintiff's employment, including the decision to terminate her, in reckless disregard of her federally-protected rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

26. Defendant Washington County treated Plaintiff Sarah Pobiecke worse than it treated her younger peers in the terms and conditions of her employment, including the decision to terminate her. Moreover, the ultimate decision maker in the Parks and Planning Department where Ms. Pobiecke was employed was a younger woman in her 30's. To the extent that she used an older employee to convey or carry out this decision, Washington County is still liable for unlawful discrimination.

27. Any rationale that Defendant Washington County could assert for its actions and omissions in relation to Plaintiff Sarah Pobiecke are pretexts cloaking a discriminatory *animus*. The information that Ms. Pobiecke shared with Ms. Leinss was

publicly-available, was easily accessed online by Ms. Leinss herself, and calling attention to it did not violate Washington County's ethics nor undermine its goals.

28. As a direct and proximate cause of Defendant Washington County's actions in discriminating against her on the basis of her age, Plaintiff Sarah Pobiecke has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

**COUNT II – SEX DISCRIMINATION**

29. Plaintiff Sarah Pobiecke realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

30. Defendant Washington County unlawfully discriminated against Plaintiff Sarah Pobiecke on the basis of her sex when it made decisions about Plaintiff's employment, including the decision to terminate her, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

31. Defendant Washington County treated Plaintiff Sarah Pobiecke worse than it treated her male peers in the terms and conditions of her employment, including the decision to terminate her. Washington County's Human Resources was a male and had final decision-making power on hiring and terminating employees. To the extent that he used a female employee to convey or carry out this decision, Washington County is still liable for unlawful discrimination.

33. Any rationale that Defendant Washington County could assert for its actions and omissions in relation to Plaintiff Sarah Pobiecke are pretexts cloaking a

7
Case 2:21-cv-00002-BHL   Filed 01/04/21   Page 7 of 12   Document 1

discriminatory *animus*. The information that Ms. Pobiecke shared with Ms. Leinss was publicly-available, was easily accessed online by Ms. Leinss herself, and calling attention to it did not violate Washington County's ethics nor undermine its goals.

34. As a direct and proximate cause of Defendant Washington County's actions in discriminating against her on the basis of her sex, Plaintiff Sarah Pobiecke has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

**COUNT III – RETALIATION**

35. Plaintiff Sarah Pobiecke realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

36. Defendant Washington County unlawfully retaliated against Plaintiff Sarah Pobiecke for complaining about Defendant's unlawful discrimination against her on the basis of her age and sex when they failed to investigate these complaints and instead made decisions about Plaintiff's employment, including terminating her. This unlawful retaliation was in violation of Plaintiffs' federally-protected rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), as amended; and 42 U.S.C. §1981 Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

37. Any rationale that Defendant Washington County could assert for its actions and omissions in relation to Plaintiff Sarah Pobiecke are pretexts cloaking a retaliatory *animus*. The information that Ms. Pobiecke shared with Ms. Leinss was publicly-available,

was easily accessed online by Ms. Leinss herself, and calling attention to it did not violate Washington County's ethics nor undermine its goals.

38. As a direct and proximate cause of Defendant Washington County's actions in retaliating against her, Plaintiff Sarah Pobiecke has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT IV – PUNITIVE DAMAGES

39. Plaintiff Sarah Pobiecke realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

40. Defendant Washington County had been put on notice that Plaintiff Sarah Pobiecke believed that it unlawfully discriminated and retaliated against her. Plaintiff had also sought to resolve this matter without having to file suit in court, but Defendant has ignored these efforts and left Plaintiff no choice but to file suit.

41. Defendant's reckless indifference as to Plaintiff's rights, including its pattern of intentional discrimination and retaliation against her, entitles her to punitive damages.

## COUNT V – WRONGFUL TERMINATION

42. Plaintiff Sarah Pobiecke realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

43. Although Wisconsin is an at-will jurisdiction, terminating an employee for a reason that violates a fundamental and well-defined public policy of the State of Wisconsin, and/or in retaliation for the employee's refusal to violate a statute of the State

of Wisconsin is recognized as wrongful termination that is an exception to the employment-at-will doctrine.

44. The State of Wisconsin has, as a fundamental and well-defined public policy, the preservation of public lands and natural resources, and their protection from being exploited commercially. This public policy is codified in Chapter 23 of the Wisconsin Statutes.

45. Plaintiff Sarah Pobiecke's communication with Ms. Leinss about the fact that the bike trail proposed by Defendant Washington County would be constructed through protected lands was undertaken in furtherance of the State of Wisconsin's public policy that public lands be preserved and protected from being exploited commercially. Her termination for this communication was thus wrongful, in that it violated the State of Wisconsin's fundamental and well-defined public policy of preserving public lands and protecting them from being exploited commercially, which is codified in the State of Wisconsin's statutes, and because she was terminated for refusing to violate any policy or statute preserving these lands.

46. As a direct and proximate cause of her wrongful termination by Defendant Washington County, Plaintiff Sarah Pobiecke has suffered damages in the form of pain and suffering, emotional damages, damage to her reputation, loss of wages and other employment benefits, attorney's fees and costs, and other damages that she will establish at trial.

# RELIEF

WHEREFORE, Plaintiff Sarah Pobiecke realleges and incorporates by reference the above paragraphs as if they were fully set forth herein respectfully request that this Court:

a. Enter a judgment that Defendant violated the Age Discrimination in Employment Act of 1967, as amended;

b. Enter a judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

c. Enter judgment against Defendant and in favor of Plaintiff Sarah Pobiecke for compensatory damages;

d. Enter judgment against Defendant and in favor of Plaintiff Sarah Pobiecke for monetary relief;

e. Enter judgment against Defendant and in favor of Plaintiff Sarah Pobiecke for punitive damages;

f. Order Defendant to reinstate Plaintiff Sarah Pobiecke;

g. Award Plaintiff Sarah Pobiecke the costs of this action and reasonable attorney's fees; and

h. Grant Plaintiff Sarah Pobiecke such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Sarah Pobiecke demands trial by a jury of her peers on all issues of fact.

Dated this 1st day of January, 2021.

            **CADE LAW GROUP LLC**

            By: *s/ Nathaniel Cade, Jr.*
            Nathaniel Cade, Jr.
            Carlos R. Pastrana
            P.O. Box 170887
            Milwaukee, WI 53217
            (414) 255-3802 (phone)
            nate@cade-law.com
            carlos@cade-law.com
            Attorneys for Plaintiff Sarah Pobiecke