UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SARAH POBIECKE,

        Plaintiff,

        v.

Case No. 21-cv-0002-bhl

WASHINGTON COUNTY, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

      Plaintiff Sarah Pobiecke filed this employment discrimination suit against Washington County and the County's insurance company on January 1, 2021. (ECF No. 1.) Her complaint includes five counts. Counts I and II allege Washington County unlawfully discriminated against her based on her age, in violation of the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§621-634, and her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-2(a). (ECF No. 1.) Counts III, IV, and V allege that Washington County unlawfully retaliated against her, seek punitive damages, and allege Washington County violated Wisconsin's wrongful termination laws. (*Id.*) On January 25, 2021, defendants moved to dismiss Counts III, IV, and V of the complaint. (ECF No. 9.) Plaintiff responded to the motion to dismiss on February 12, 2021, and defendants filed their reply brief on February 17, 2021. (ECF Nos. 11 & 13.) After reviewing the complaint and the parties' briefs, the Court will grant defendants' motion and dismiss Counts III, IV, and V.

## BACKGROUND

      In support of her claims, Pobiecke alleges she worked for Washington County as a part-time parks and planning analyst in the Washington County Parks Department. (ECF No. 1.) She held that position from August 5, 2019 until she was terminated on December 2, 2019. (*Id.*) In November 2019, at a public meeting partially closed to the public, there was discussion about a potential county bike trail. (*Id.*) Pobiecke alleges she knew that the bike trail would be constructed through protected lands; however, that was not mentioned at the meeting. (*Id.*)

After the meeting, Pobiecke alleges she contacted Cindy Leinss, an advisor on the Washington County Parks Advisory committee, to discuss the fact that the proposed bike trail was to be constructed through protected lands. (*Id.*) Pobiecke alleges this information was public and posted on a Washington County website. (*Id.*)

The complaint alleges that, on November 26, 2019, Pobiecke attended a meeting with the Washington County's Human Resources Department where she was asked about the phone call with Ms. Leinss. (*Id.*) Washington County's Human Resources Manager allegedly told her that the plans for the bike trail going through protected lands were confidential. (*Id.*) On December 2, 2019, the County allegedly fired Pobiecke and told her that she violated the County's code of ethics and was "working in contradiction to the goals of Washington County." (*Id.*) Pobiecke alleges she sent a written complaint to the County after her termination, notifying the defendants that her termination was unlawful. (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)).

## ANALYSIS

Pobiecke alleges that the County's provided reason for her termination—that she violated the County's code of ethics—was pretextual and that the County actually fired her because of her age and sex. In addition to discrimination claims, she alleges the County retaliated against her and that her termination violated Wisconsin state law. At this stage, the defendants do not seek to dismiss her age or sex discrimination claims. However, they have moved to dismiss her

retaliation and wrongful termination claim.[1]  In deciding the motion, the Court will "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts*, 817 F.2d at 564.  For the following reasons, the Court will grant defendants' motion to dismiss Counts III, IV, and V.

### A. Plaintiff's complaint does not allege that the County retaliated against her for activities protected by either the ADEA or Title VII.

After realleging and incorporating by reference all the previous paragraphs, Count III of the complaint attempts to allege a retaliation claim under both the ADEA and Title VII. Pobiecke alleges that the County unlawfully retaliated against her "for complaining about Defendant's unlawful discrimination against her on the bases of her age and sex when they failed to investigate these complaints and instead made decisions about Plaintiff's employment, including terminating her." (ECF No. 1.)  Pobiecke does not allege the contents of these previous complaints or how defendants previously discriminated against her on the bases of her age or sex.  She also fails to allege when she complained to defendants about such discrimination. (*Id.*)

These allegations do not state a claim for retaliation under either the ADEA or Title VII. In order to allege a retaliation claim under Title VII, a plaintiff must allege that defendants discriminated against her either "[1] because [she] has opposed any practice made an unlawful employment practice by [Title VII] or [2] because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VII]." *Crawford v. Metro. Gov't of Nashville and Davidson Ctny., Tenn.*, 555 U.S. 271, 274 (2009) (quoting 42 U.S.C. §2000e-3(a)).  The first clause is the "opposition clause" and the second clause is the "participation clause." *Id.*  The ADEA anti-retaliation clause is almost identical to the Title VII anti-retaliation clause and prohibits an employer from retaliating against an employee for opposing an employment practice prohibited by the ADEA or for participating in "an investigation, proceeding, or litigation" under the ADEA.  *See* 29 U.S.C. §623(d).

Plaintiff's complaint does not allege opposing any employment practices prohibited by either the ADEA or Title VII.  She also does not allege that she participated in any protected

---

[1] Defendants also moved to dismiss Count IV of the Complaint, which seeks punitive damages from the defendants. Punitive damages are a type of remedy and not an independent basis for relief.  Moreover, and in any event, Pobiecke conceded in her response brief that 42 U.S.C. §1981a(b)(1) prohibits an award of punitive damages against governmental entities in cases of unlawful employment discrimination.  For these reasons, the Court will grant the County's motion to dismiss Count IV.

activities under either statute. Pobiecke concedes this fact in her brief opposing the motion to dismiss. In her brief, instead of arguing how her complaint properly alleged a retaliation complaint under either relevant federal statue, she claims that defendants violated Wis. Stat. §111.321 when they retaliated against her "for engaging in and communicating about political matters that were against the County's wishes." (ECF No. 11.) She then admits that "this particular state statute was not directly alleged in the Complaint." (*Id.*) Since, as plaintiff admits, Count III of the complaint does not state a claim for retaliation under either the ADEA or Title VII, the Court will dismiss Count III.

### B. Plaintiff has not alleged that her employer asked or required her to violate a fundamental and well-defined public policy.

Count V of the complaint asserts a state-law wrongful termination claim against the County. In support of this claim, Pobiecke alleges that the County improperly terminated her employment based on her communications with the Park's Advisory Committee member, communications she insists were "undertaken in furtherance of the State of Wisconsin's public policy that public lands be preserved and protected from being exploited commercially." (ECF No. 1.) She alleges, "[h]er termination . . . violated the State of Wisconsin's fundamental and well-defined public policy of preserving public lands and protecting them from being exploited commercially, which is codified in the State of Wisconsin's statutes, and because she was terminated for refusing to violate any policy or statute preserving these lands." (*Id.*) She contends that this policy "is codified in Chapter 23 of the Wisconsin Statutes" but does not allege how she was asked or required to violate the identified statutes. (*Id.*)

Wisconsin is an at-will employment jurisdiction, allowing employers to terminate employees "for good cause, for no cause, or even for cause morally wrong, without being thereby guilty of legal wrong." *Runzheimer Int'l, Ltd. v. Friedlen*, 862 N.W.2d 879, 889 (Wis. 2015) (quoting *Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834, 837 (Wis. 1983) (internal quotations and citations omitted)). However, in *Brockmeyer*, the Wisconsin Supreme Court adopted "a narrow public policy exception" to at-will employment. 335 N.W.2d at 840. Under this narrow exception, an employee can pursue a claim for wrongful discharge "when the discharge is contrary to a fundamental and well-defined public policy." *Id.* In order to pursue a claim under this narrow exception, an employee must: "(1) first identify a fundamental and well defined public policy in their complaint sufficient to trigger the exception to the employment-at-

will doctrine; and (2) then demonstrate that the discharge violated that fundamental and well defined public policy." *Strozinsky v. School Dist. of Brown Deer*, 614 N.W.2d 443, 453 (Wis. 2000). Whether Pobiecke has identified "a fundamental and well-defined public policy" is a question of law that must be decided by the Court. *Winkelman v. Beloit Mem'l Hosp.*, 483 N.W.2d 211, 216 (citing *Brockmeyer*, 335 N.W.2d at 841). Finally, when determining whether an identified public policy triggers the exception to at-will employment, the Wisconsin Supreme Court requires that the employer forced the employee to violate the identified policy. *Strozinsky*, 614 N.W.2d at 456 (citing *Bushko v. Miller Brewing Co.*, 396 N.W.2d 167, 170 (Wis. 1986)).

Assuming, without deciding, that Pobiecke has identified a public policy sufficient to invoke an exception to employment-at-will, she has not alleged that the County asked or required her to violate that policy. The Wisconsin Supreme Court has held that "a discharge of an at-will employee only invokes the public policy exception where the employee is terminated for refusing a command, instruction, or request of the employer to violate public policy as established in existing law." *Hausman v. St. Croix Care Center*, 571 N.W.2d 393, 396-97 (Wis. 1997) (citing *Bushko*, 396 N.W.2d at 170). Pobiecke does not allege that the County ever required her to violate the policy she cites; she alleges only that the County terminated her for speaking to a third party about an issue that she felt might implicate a public policy. She was not being asked to participate in any public policy violation, as required to assert a wrongful termination claim under Wisconsin law.

In plaintiff's response brief, she attempts to argue that her situation is analogous to the plaintiffs in *Hausman*. However, the identified public policy at issue in *Hausman* was a Wisconsin Criminal Statute that imposed an affirmative obligation on those plaintiffs and personally subjected them to criminal prosecution. *Id.* at 398. The public policy identified by Pobiecke does not impose any similar legal obligations or subject her to criminal prosecution. Even if the identified statute does prohibit the County from building a bike trail on the identified lands, or even imposes criminal liability on the County for such construction, the statute did not require anything from Pobiecke or expose her to any liability for the actions of the County. Since Pobiecke has not alleged any facts that establish the County required or asked her to violate the policy, Count V fails to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to dismiss, (ECF No. 9), is **GRANTED** and that Counts III, IV, and V of plaintiff's complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint on or before **April 21, 2021**.

Dated at Milwaukee, Wisconsin on March 22, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge